Judge Green
delivered his opinion, in which the other Judges concurred.*
Allen mortgaged the premises in dispute to Gibson and Lesslie, by a deed which conveyed a joint estate to the mortgagees. Lesslie died. The deed contained a covenant that the mortgagor should possess and enjoy the mortgaged premises, until default should be made in the payment of the money. Default was made. Gibson, the surviving mortgagee, proceeded, under the act of February 12, 1814, {Rev. Code, 445, ch. 115,) to recover possession of the mortgaged premises. .Judgment was given for the plaintiff, and the case has come here by supersedeas. Several bills of exception were taken by the defendant.
The materia] questions in the case are, whether á mortgagee can, in any case, obtain the possession of the mortgaged premises by a proceeding under that act ? And if he can, whether the surviving mortgagee can recover in his own name, without joining the heirs of the deceased mortgagee as a party in the proceeding ?
The objection that the complaint omits to state the estimated quantity of the land, is, I think, entitled, to no weight. The statute directs the complaint to be in the form prescribed, or to that effect. The only object of this direction was, to require a reasonably certain description of the property claimed. Such a description is found in the complaint upon which the proceedings in this case were founded. The property is in the city of Richmond, and described as lots bounded by a certain street, and adjoining the United States Bank. ^
By the common law, one who had a right or title to enter into land, had a right to enter and hold with force; and even since the statutes against forcible entries and detainers, a party having a right of entry is not responsible in a civil action, or in a common indictment for trespass, for *472 a forcible entry or detainer. Hawkins, P. C. 140, ch. 64, sec. 1. By the statute of 5 Rich. 2, Stat. 1, ch. 8, forcible entries and detainers were made a public offence; and upon conviction, the party evicted was restored to the possession, as a consequence of the conviction, unless the wrong-doer had 3 years possession before the institution of the prosecution.
The substance of the British statutes on this subject, was enacted in Virginia in 1789. 13 Hen. St. at Lar. p. 5. That act provided, “that none shall make any entry into any lands or tenements, or other possessions whatever, but incase where entry is given by law; and in such case, not w-ith strong hand, nor with a multitude of people, but only in a peaceable and easy manner; and that-none who shall have entered into the same in a peaceable manner, shall hold the same afterwards with force;” and if any should do the contrary, it directs an enquiry by a justice of the-peace through a jury, and if any be found guilty of a violation of the act, that restitution be made to the party so put out, unless the wrong-doer has had possession for three years. A party who entered, or held by force after a peaceable entry, fell within the provisions of this act, whether he had or had not a right of entry or possession.
This act was re-modelled by the act of 1814, so as to make it a civil remedy for the immediate recovery of the possession, in certain cases, even where no force occurred. It provides, first, that. “ none shall enter into any lands or tenements, but in case where entry is given by law; and in such case, not with strong hand, nor multitude of people, but only in a peaceable and easy manner. None who shall have entered in a peaceable manner, shall hold the same against the consent of the party entitled to the possession thereof.” Secondly, “If any shall enter, or shall have entered, into any lands or tenements, in case where entry is not given by law, or, if any shall enter, or shall have entered, into any lands or tenements, with strong hand, or with multitude of people, even in case *473 where entry is giveri by law, the party turned out of possession, by such unlawful, or by such forcible entry, by whatever right or title he held such possession, or whatever estate he held or claimed in the lands or tenements of which he was so dispossessed, shall, at any time within three years thereafter, be entitled to the summary remedy herein provided." Thirdly, “ If any shall enter, or shall have entered, in a peaceable manner, into any lands or tenements, in a case where such entry is lawful, and after the expiration of his right, shall continue to hold the same against the consent of the party entitled to the possession, the party so entitled, as tenant of the freehold, tenant for years, or otherwise, shall be entitled to the like summary remedy, at any time within three years after the possession shall have been so withheld from him against his consent.”
The first section only prohibits unlawful entries, and forcible entry where the entry is lawful; but does not prohibit a person who is entitled to the possession, from holding with force, if he has entered peaceably.
The second section gives a remedy to a party turned out of possession, by another entering where no entry is given him by law, or entering by force. The ease of a mortgagee never in possession, claiming against a mortgagor who never entered- upon the mortgagee, nor turned him out of possession, certainly does not fall within the provision of this section. If a mortgagee who has never been in possession, can avail himself of this summary remedy, it must be by force of the third section.
There is considerable difficulty in determining the effect' of this third section; and, in order to understand it, it will be necessary to look to other provisions of the statute, which seem to have a bearing upon it. The act, in prescribing the forms of proceeding in enforcing this summary-remedy, proceeds; “The party so turned out of possession, or so held out of possession, may exhibit his complaint, &c. in the following form, or to the following *474 effect.” The form prescribed for the complaint of a person held out of possession, is, “A. B. complains that C. D. unlawfully, and against his consent, withholds from him the possession of a certain tenement, &c. wherepf he prays restitution of the possession.” The Justice’s warrant recites this complaint and prayer verbatim. The charge to be given to the jury is, “You shall well and truly try, whether the defendant, O. D. against the consent of the plaintiff, holds possession of the tenement mentioned in the complaint filed in this cause; whether the said defendant hath so held the possession thereof, against the consent of the plaintiff, for three years next before the exhibition of the said complaint; and, lohether the plaintiff hath the right of possession in the tenement aforesaid.” The form of the verdict, as prescribed by the act, is, “ We, the jury, find that the defendant did, (or did not,) at the ‘time of the exhibition of the complaint filed in thiscause, hold possession of the tenement therein mentioned, against the consent of the plaintiff: that the defendant hath (or hath not) so held possession thereof against the consent of the plaintiff, for three years next before the exhibition of the said complaint; and that the plaintiff hath (or hath not) the right of possession in the tenement aforesaid.” The act then directs, that if the jury shall find that at the exhibition of the complaint, the defendant held possession of the tenement against the consent of the plaintiff, and that the defendant had not so held it against the plaintiff’s consent, for three years next before the exhibition of the complaint, and that the plaintiff hath the right of possession, the justices shall render judgment in favor of the plaintiff, that he recover possession of the tenement aforesaid, with full costs, and shall award a writ of habere facias possessionem.
The terms of the third section, in their literal import, can be applied only to the cases of persons originally entering by a title which gives a temporary, or defeasible estate, or to the representatives of the first taker of such *475 an estate; and tbe expressions of the complaint seem to have contemplated only such cases, in which the complainant, or some one under whom he claims, (other than the person in possession,) once had the possession, the restitution of which he prays. This expression only applies to the return of possession from one who received it, or took it, from another, to that other, or to some one claiming under him. It does not, in strictness, apply to a delivery of possession by a vendor to a vendee, or a mortgagor to a mortgagee. Such a delivery could not properly be called a restitution. If this distinction between one entitled in reversion or remainder after a temporary or defeasible estate, and a purchaser from the party in possession, was in the mind of the Legislature, when these clauses were penned, (as I do not think was the fact,) the distinction was completely discarded in the after clauses of the law, which give the summary remedy to any one entitled to the possession, if he pursues it within three years of the period at which his right to possession accrued. The charge to the jury and the prescribed form of the verdict, preclude all other enquiries, but whether the defendant held against the consent of the plaintiff, when he exhibited his complaint; whether he had or had not so held for three years; and whether the plaintiff hath the right of possession; and if the jury find these facts for the plaintiff, which they must do, if they appear, no matter under what circumstances the defendant entered, or when; and no matter how the plaintiff’s right of possession arose, the statute peremptorily directs that judgment be given for the plaintiff, not to be restored to the possession of the tenement, but to recover the possession of it; and that a writ of possession, not of restitution, be awarded. Upon such a charge to the jury, which, in effect, stands in the place of an issue between the parties, the question, whether the plaintiff is or is not entitled to the possession, is fully open to all sorts of evidence. But, I do not see that it would be possible for the jury to find against him, if he had a *476 right to possession, because he had acquired the right in a particular way. A mortgagee, after the mortgage is.forfeited, has a right to the possession of the mortgaged premises, and may enter thereon, or maintain an ejectment; and the assertion of this right may be necessary to secure the payment of the debt. The value of the property may not be sufficient to pay the debt, with the accumulated interest during the pendency of an ejectment, or a bill to foreclose, (in which eases arbitrary appeals are permitted,) unless the rents and profits can be reached to keep down the interest; and they cannot be reached in the case of a first mortgagee, (unless under peculiar circumstances,) but by his getting the possession of the land.
The policy of the statute, upon this construction, was strongly objected to, as subjecting the party in a summary way, upon a short notice, and before two Magistrates only, to be turned out of possession; and it was insisted, that being in derogation of the common law, it should be construed strictly. I do not see the force of this objection. The Justices may adjourn from time to time, as the justice of the case may require, so as, to enable the party to make a full defence, and to produce all his evidence. The party may have the assistance of counsel, as in any other Court; may save all questions of law by exceptions; and is entitled for any apparent error, to a writ of error or supersedeas, though not to an arbitrary appeal, as in ejectment. He cannot, therefore, be turned out of possession, by any erroneous proceeding. At the same time, he cannot delay the plaintiff in the pursuit of his rights, at pleasure, by arbitrary appeals; nor does this proceeding affect bis right in any other controversy on the same subject, in any other form. As, therefore, the defendant can in no case be turned out of possession, unless it is apparent that he ought to surrender the possession on the demand of the plaintiff, and to retain it would be unjust, I cannot see any objection to giving this statute a liberal construction, as a remedial statute, *477 even if the question under consideration, were, upon the words of the slatute, more doubtful than 1 think it is.
The next enquiry is, whether this proceeding can be maintained by one of several tenants in common. This proceeding involves no question of title. The only question is, whether the plaintiff is entitled to- possession as” against the defendant. For the purpose of determining this question, the title may be given in evidence. As against all others than his companions, a joint-tenant, tenant in common, or co-parcener, is entitled to the possession of the whole. One parcener or tenant in common may enter for all; and if he enters generally, it is in point of law an entry for all. 9 Vin. Abr. 456; Entry, F. pl. 1, 2, 3; and one parcener could, in assise, recover the whole against an abator; for she had right against all who had no right. Ibid. pl. 2, note. So one joint-tenant or tenant in common might maintain a warrant of forcible entry and detainer against his companion. 13 Vin. Abr. 381, pl. 14. In assise for the whole land, if it appear that the plaintiff is entitled to one moiety, and the defendant to the other, the judgment should be only for a moiety. 3 Vin. Abr. 233; B. 6, pl. 1. In a writ of right, and other real actions, the mere right is involved, and the proceeding and recovery must be according to the title; and in ejectment, nothing can be recovered but that for which. the lessor of the plaintiff can make a valid lease. One joint tenant, coparcener, or tenant in common, although he has a right to the possession of the whole against strangers, cannot make a valid lease for more than his own part of the land; and therefore, no more can be recovered in ejectment than the part to which the lessor, who is a joint tenant,' tenant in common, or parcener, is entitled.
I think, therefore, that one tenant in common can pursue this remedy for the whole land, against any person having.no right whatever.
Judgment affirmed.

 Judges Coaj.teEj and Cabell absent.