OPINION BY JUSTICE WILLIAM C. MIMS
 

 In this appeal, we consider whether a general district court has subject matter jurisdiction under Code §§ 16.1-77(3) and 8.01-126 to adjudicate an action for unlawful detainer when a homeowner challenges the validity of a trustee's deed after foreclosure, and whether a circuit court has such jurisdiction under Code §§ 16.1-106 and 17.1-513 in a de novo appeal from such a proceeding. We also consider whether a circuit court may consider in a de novo appeal the pleadings originally filed in the general district court proceeding.
 

 I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW
 

 Brian D. and Teresa D. Parrish owned a parcel of real property situated in Hanover County, which they conveyed by deed of trust to Brian K. Stevens, trustee, to secure a note in the principal amount of $206,100, plus interest. In May 2014, ALG Trustee, LLC, the substitute trustee under the deed of trust, conveyed the parcel by trustee's deed to Federal National Mortgage Association ("Fannie Mae"). Fannie Mae thereafter sent the Parrishes a notice to vacate. It later filed a summons for unlawful detainer in the general district court.
 

 The Parrishes responded by alleging that the foreclosure was invalid because their deed of trust incorporated
 
 12 C.F.R. § 1024.41
 
 (g), which they asserted prohibits foreclosure if a borrower submitted a completed loss mitigation application more than 37 days before the foreclosure sale. They alleged that they had submitted such an application. They further alleged that Fannie Mae (their lender as well as the foreclosure purchaser) and its agent had instigated the foreclosure despite the pending application and in breach of the deed of trust. The court awarded Fannie Mae possession and the Parrishes filed a de novo appeal in the circuit court.
 

 In the circuit court, Fannie Mae filed a motion for summary judgment or motion in limine in which it argued that its trustee's deed was prima facie evidence of its right of possession. It argued that the circuit court should exclude any defense contesting the validity of the foreclosure from which the deed arose because the general district court lacked subject matter jurisdiction to try title in a proceeding on unlawful detainer. Fannie Mae contended that because the circuit court's subject matter jurisdiction on appeal from the general district court was merely
 derivative of the general district court's subject matter jurisdiction, the circuit court also lacked such jurisdiction. The Parrishes opposed Fannie Mae's motion, arguing among other things that because the appeal was de novo, the circuit court could not consider the pleadings filed originally in the general district court, to which Fannie Mae referred in its motion. The court thereafter granted Fannie Mae's motion and awarded it possession of the parcel.
 

 We awarded the Parrishes this appeal.
 

 II. ANALYSIS
 

 In one assignment of error, the Parrishes assert that the circuit court erred by granting Fannie Mae's motion for summary judgment and awarding it possession of the parcel. Fannie Mae responds that the circuit court did not err because it lacked subject matter jurisdiction to consider the validity of the foreclosure; the general district court had no subject matter jurisdiction to try title, so the circuit court had none in the appeal.
 

 Subject matter jurisdiction is a threshold question. Spencer v. City of Norfolk ,
 
 271 Va. 460
 
 , 462,
 
 628 S.E.2d 356
 
 , 357 (2006). It is a question of law we review de novo. Glasser & Glasser, PLC v. Jack Bays, Inc. ,
 
 285 Va. 358
 
 , 369,
 
 741 S.E.2d 599
 
 , 604 (2013). Subject matter jurisdiction "is the authority granted through constitution or statute to adjudicate a class of cases or controversies." Morrison v. Bestler ,
 
 239 Va. 166
 
 , 169-70,
 
 387 S.E.2d 753
 
 , 755 (1990). In deciding questions of subject matter jurisdiction, we are not limited to the arguments raised by the parties. See id. at 169-70,
 
 387 S.E.2d at 755-56
 
 (noting that courts may raise questions of subject matter jurisdiction sua sponte and that parties can neither waive nor confer subject matter jurisdiction).
 

 As courts not of record, general district courts are creations of the General Assembly. Va. Const. art. VI, § 8 ; Code § 16.1-69.7. They are courts of limited jurisdiction and may exercise only such subject matter jurisdiction as has been expressly conferred by statute. Addison v. Salyer ,
 
 185 Va. 644
 
 , 648,
 
 40 S.E.2d 260
 
 , 262 (1946). It is well-settled that when exercising its appellate jurisdiction in a de novo appeal, the circuit court's subject matter jurisdiction is derivative of the court not of record from which that appeal is taken. Id. at 651-52,
 
 40 S.E.2d at 264
 
 . Therefore, when exercising its de novo appellate jurisdiction, the circuit court has no more subject matter jurisdiction than the general district court had in that court's original proceeding.
 
 [1]
 
 Thus, the scope of the general district court's subject matter jurisdiction is the dispositive issue here.
 

 Code §§ 16.1-77(3) and 8.01-126 confer upon general district courts subject matter jurisdiction to try actions for unlawful detainer. However, we have expressly held that courts not of record have no subject matter jurisdiction to try title to real property. Addison ,
 
 185 Va. at 648-49
 
 ,
 
 40 S.E.2d at
 
 262 ; see also Warwick v. Mayo ,
 
 56 Va. 528
 
 , 540-41 (1860) ("In Virginia, it is not pretended that [courts not of record] have ever been empowered by any statute to try, without writ, titles to land in civil causes."). In the 156 years since Warwick and the 70 years since Addison , the General Assembly has amended the provision currently codified at Code § 8.01-126 several times. See , e.g. , 1870-71 Acts ch. 130; 1890 Acts ch. 213; 1904 Acts ch. 211; 1940 Acts ch. 193. Nevertheless, it has not expressly conferred upon general district courts subject matter jurisdiction to try title in an unlawful detainer action. We presume that the legislature is aware of its own statutes conferring subject matter jurisdiction upon courts not of record and our precedents interpreting them. Andrews v. Commonwealth ,
 
 280 Va. 231
 
 , 286,
 
 699 S.E.2d 237
 
 , 269 (2010). Its silence therefore evidences approval. Manchester Oaks Homeowners Ass'n v. Batt ,
 
 284 Va. 409
 
 , 428,
 
 732 S.E.2d 690
 
 , 702 (2012).
 

 However, this creates a conundrum because some actions for unlawful detainer
 necessarily turn on the question of title. Unlawful detainer is an action against a defendant who lawfully entered into possession of real property but whose right to lawful possession has since expired. It is brought by a plaintiff lawfully entitled to possession at the time of suit, which the defendant is then unlawfully withholding. Allen v. Gibson ,
 
 25 Va. 468
 
 , 473 (1826). The validity of the plaintiff's right of possession is an issue that, when disputed, must be determined in the adjudication of the unlawful detainer action.
 
 Id. at 474
 
 . The plaintiff must show either (1) prior actual possession, which was then yielded to the defendant under some temporary or defeasible estate that has ended, or (2) a right of possession acquired after the defendant's entry.
 
 Id. at 474-76
 
 .
 

 Whether the plaintiff has a right of possession will not always present a question of title. Such a question will never arise in the first class of cases, where the plaintiff's right is based on
 prior actual possession. For example, a landlord may bring an action for unlawful detainer against a tenant who holds possession of the leased premises in violation of the lease or after it has expired. In such cases, the defendant's possession is derivative of the plaintiff's title, and the defendant is not permitted to challenge it. Emerick v. Tavener ,
 
 50 Va. 220
 
 , 223 (1852). However, a plaintiff in the second class of cases, who claims a right of possession acquired after the defendant's original, lawful entry, must show the validity of that right. When the plaintiff's after-acquired right of possession is based on a claim of title, the plaintiff may be required to establish the validity of that title. Corbett v. Nutt ,
 
 59 Va. 624
 
 , 648 (1868).
 
 [2]
 
 Actions for unlawful detainer in the foreclosure context generally fall into this category.
 
 [3]
 

 In most foreclosure cases, a trustee's deed will satisfy the foreclosure purchaser's burden to establish that it acquired a right of possession after the homeowner's original, lawful entry, and the homeowner will have no good-faith basis to contest it. However, in limited circumstances, the homeowner could allege facts sufficient
 to place the validity of the trustee's deed in doubt. In such cases, the general district court's lack of subject matter jurisdiction to try title supersedes its subject matter jurisdiction to try unlawful detainer and the court must dismiss the case without prejudice. Warwick , 56 Va. (15 Gratt.) at 542 ("[O]n being convinced that the case involves a bona fide claim of title to real
 estate," a court not of record "is bound to dismiss [the proceeding] immediately.").
 
 [4]
 

 This holding does not mean that any naked allegation that the trustee's deed is invalid will put the deed in doubt, thereby divesting the general district court of jurisdiction. The question of title raised by the homeowner's allegations must be legitimate. Id. at 542 (requiring dismissal if "the case involves a bona fide claim of title" (emphasis added)). Because "a court always has jurisdiction to determine whether it has subject matter jurisdiction," Morrison ,
 
 239 Va. at 170
 
 ,
 
 387 S.E.2d at 755
 
 , the court has the authority to explore the allegations to determine whether, if proven, they are sufficient to state a bona fide claim that the foreclosure sale and trustee's deed could be set aside in equity. Stated differently, the allegations must be sufficient to survive a demurrer had the homeowner filed a complaint in circuit court seeking such relief.
 

 For example, we have indicated that a trustee's deed could be set aside in "cases involving fraud, collusion with the purchaser, and a foreclosure sale price of such gross inadequacy that it shocks the conscience of the court." Ramos v. Wells Fargo Bank, NA ,
 
 289 Va. 321
 
 , 324 n. *,
 
 770 S.E.2d 491
 
 , 494 n. * (2015) (per curiam) (internal alteration and quotation marks omitted). This list is not exhaustive. We have also said that a foreclosure sale could be set aside in equity when it was conducted in material breach of the deed of trust. Smith v. Woodward ,
 
 122 Va. 356
 
 , 374,
 
 94 S.E. 916
 
 , 921 (1918) ("[A] court of equity will not permit a grantor in trust to be deprived of his property by an unauthorized act of the trustee, and will set aside a sale and conveyance where the trustee has exceeded the authority conferred upon him, or sold the grantor's land after the purposes of the trust have been accomplished, and
 especially where the purchaser has notice, actual or constructive, of the facts."); see also Wasserman v. Metzger ,
 
 105 Va. 744
 
 , 752-53,
 
 54 S.E. 893
 
 , 895 (1906) (collecting cases).
 
 [5]
 

 If the general district court satisfies itself that the allegations are insufficient, it retains subject matter jurisdiction and may adjudicate the case on the merits. However, if the court determines that the allegations are sufficient, it lacks subject matter jurisdiction over the case and it must be dismissed without prejudice.
 
 [6]
 
 The foreclosure purchaser may then seek appropriate remedies in the circuit court under its original jurisdiction.
 
 [7]
 

 We must now apply this rule to the case before us. The Parrishes' only detailed allegations are in the pleadings they filed in the general district court. However, in their other assignment of error they assert that the circuit court erred by considering those pleadings in their de novo appeal. They argue that the nature of a de novo appeal precludes such consideration. Fannie Mae responds that the court did not err because Code § 16.1-112 requires the general district court to transmit the record of the original proceedings to the circuit court when an appeal is taken there.
 

 The burden lies with the appellant to show reversible error below.
 

 Lindsey v. Lindsey ,
 
 158 Va. 647
 
 , 654,
 
 164 S.E. 551
 
 , 553 (1932). Apart from Code § 16.1-106, the Parrishes cite no legal authority for their argument. Although Code § 16.1-106 provides that appeals from courts not of record are heard by the circuit court de novo, Code § 16.1-112 requires the lower court to transmit its record to the circuit court. We have previously held that although de novo, an appeal in the circuit court is a continuation of the original case. Stacy v. Mullins ,
 
 185 Va. 837
 
 , 840,
 
 40 S.E.2d 265
 
 , 266 (1946). Accordingly, we find no basis to conclude that the circuit court erred by considering the pleadings filed in the general district court.
 

 Turning to the allegations set forth in those pleadings, we note that the Parrishes alleged that their deed of trust incorporated
 
 12 C.F.R. § 1024.41
 
 (g) as a condition precedent to foreclosure. That regulation prohibits a foreclosure sale after a homeowner submits a complete loss mitigation application under certain circumstances. They alleged that they submitted such an application and that none of the exceptions provided in the regulation (which would have permitted Fannie Mae and its agent to proceed to foreclosure notwithstanding the application) applied. We may further infer from their allegations that the foreclosure purchaser, Fannie Mae, was aware of the alleged violation of the deed of trust because it was the lender that allegedly committed the violation. We conclude that these allegations are sufficient that, if proved, they could satisfy a court of equity to set aside the foreclosure.
 

 We therefore hold that the Parrishes raised a bona fide question of title in the unlawful detainer proceeding, thereby divesting the general district court of subject matter jurisdiction. Accordingly, the general district court lacked subject matter jurisdiction to try the unlawful detainer action before it. The circuit court likewise lacked subject matter jurisdiction while exercising its de novo appellate jurisdiction, because its subject matter jurisdiction was derived from and limited to the subject matter jurisdiction of the court from which the appeal was taken. Its authority therefore was limited to dismissing the proceeding without prejudice, thereby enabling the foreclosure purchaser to pursue its choice of available remedies in the circuit court under that court's original jurisdiction.
 

 III. CONCLUSION
 

 We conclude by reiterating that our holding arises from the need to reconcile Addison and Warwick (i.e., that courts not of record lack power to try title unless expressly conferred by the General Assembly) with the scope of the subject matter jurisdiction conferred on general district courts in Code § 8.01-126. We appreciate the concerns about the practical implications of this holding raised by Justice Powell in her opinion concurring in part and dissenting in part. We particularly note her observation that our holding provides no opportunity for a defending homeowner to argue or prove that a trustee's deed is simply invalid, whether the foreclosure purchaser is a bona fide purchaser or not. However, these concerns are properly addressed to the General Assembly. We must determine the scope of subject matter jurisdiction relying upon the statutes as they are presently enacted.
 

 For the reasons stated above, we vacate the judgment of the circuit court and dismiss the summons for unlawful detainer, thereby restoring the parties to their status quo ante the commencement of the unlawful detainer proceeding.
 

 Vacated and dismissed.
 

 A court's appellate jurisdiction is distinct from its original jurisdiction. For example, circuit courts have original jurisdiction over unlawful detainer actions under Code § 8.01-124 in addition to appellate jurisdiction over such actions filed originally in general district court, but this grant of original subject matter jurisdiction is not invoked in an appeal from an unlawful detainer proceeding originally filed in a general district court.
 

 Where the right of possession depends solely upon a claim of title, the question of whether that title is valid is a threshold question in an unlawful detainer action. While a court's resolution of that question in an unlawful detainer action may not, by statute, be preclusive in actions for ejectment or to quiet title, the court trying the unlawful detainer action nevertheless must weigh the parties' competing arguments about validity to determine whether a plaintiff's prima facie right of possession evidenced by a trustee's deed has been rebutted by the defendant.
 

 In her opinion concurring in part and dissenting in part, Justice McClanahan overlooks this distinction between (1) the unlawful detainer plaintiff who once held both title and possession and thereafter yielded possession temporarily, on terms, to the unlawful detainer defendant who continues to hold possession in violation of those terms, and (2) the unlawful detainer plaintiff who never held possession and claims a right of possession based solely upon a claim that he acquired title after the defendant lawfully entered. While the first plaintiff may bring an unlawful detainer action to "recover" possession, the second cannot-because he never had it to begin with. The latter plaintiff can only bring such an action to "obtain" possession for the first time. When he does so, the validity of his claimed right of possession cannot be severed from the validity of his claimed title, because his title is the only thing from which any right of possession appears. Thus, it is he, the unlawful detainer plaintiff, who by seeking to oust the defendant of possession (based upon a claim of after-acquired title) seeks to establish complete title (in the terms of Pannill v. Coles, 81 Va. (6 Hans.) 380, 384 (1886) ), by "unit[ing] in himself the possession, the right of possession, and also the right of property." 2 William Blackstone, Commentaries *198.
 

 In the specific context of a foreclosure, the foreclosure purchaser plaintiff comes to court claiming a right of possession based on a claim of legal title, itself based on the trustee's deed by which the trustee has ostensibly conveyed to the foreclosure purchaser the legal title conveyed in the deed of trust to the trustee by the defending homeowner. Meanwhile, the defending homeowner has possession, which the foreclosure purchaser plaintiff seeks to oust. The question of which of the two parties is entitled to possession is inextricably intertwined with the validity of the foreclosure purchaser's title.
 

 We said in Warwick that subject matter jurisdiction to try title must be "expressly conferred [upon courts not of record] by statute." 56 Va. (15 Gratt.) at 542. Code §§ 16.1-77(3) and 8.01-126 do not expressly confer that power upon general district courts. The General Assembly may, of course, amend the statutes to do so, or it may be satisfied that circuit courts have subject matter jurisdiction both to try title and to adjudicate actions for unlawful detainer under Code § 8.01-124, which permits foreclosure purchasers to initiate unlawful detainer actions in circuit court.
 

 A general allegation that the trustee breached the deed of trust is not sufficient. The homeowner's allegations must (1) identify with specificity the precise requirements in the deed of trust that he or she asserts constitute conditions precedent to foreclosure, (2) allege facts indicating that the trustee failed to substantially comply with them so that the power to foreclose did not accrue, and (3) allege that the foreclosure purchaser knew or should have known of the defect. See Squire v. Va. Hous. Dev. Auth.,
 
 287 Va. 507
 
 , 515-18,
 
 758 S.E.2d 55
 
 , 60-61 (2014).
 

 Our decision today that general district courts lack subject matter jurisdiction over unlawful detainer cases where the homeowner raises a legitimate question of title does not reopen for collateral attack past cases where homeowners could have presented such questions but did not. General district courts have subject matter jurisdiction over unlawful detainer cases. What they lack is subject matter jurisdiction to try title. Where the homeowner presented no question of title, the court's jurisdiction was complete.
 

 Similarly, where a homeowner does present a question of title but the general district court determines that it is not legitimate, that decision may be voidable if the homeowner challenges it as erroneous on direct appeal. However, the decision would not be subject to collateral attack because the general district court will have rendered no judgment it lacked subject matter jurisdiction to render.
 

 Nothing in our decision today relieves a homeowner of the obligation to pay his or her lender, which arises from the note, not the deed of trust. The deed of trust merely secures the indebtedness evidenced by the note. As we indicated in Mathews v. PHH Mortgage Corp.,
 
 283 Va. 723
 
 , 732-33 & n. 2,
 
 724 S.E.2d 196
 
 , 200 & n. 2 (2012), a breach by one party of the note does not relieve the other party of its obligations under the deed of trust, or vice versa.