PRESENT: All the Justices

STEVEN C. GRAY

                                                               OPINION BY

v. Record No. 161419                 CHIEF JUSTICE DONALD W. LEMONS

                                                     November 2, 2017

FRANCES BINDER, ET AL.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

In this appeal, we consider whether a potential beneficiary under a will may collaterally attack the distribution of the decedent's estate by challenging the subject matter jurisdiction of the commissioner of accounts who, without a referral from the circuit court, gave aid and guidance in the interpretation of the decedent's will and the determination of his heirs. Additionally, we clarify the tribunal from which an appeal of this nature is taken.

## I.   Facts and Proceedings

The relevant facts of this case are undisputed. Appellant Steven C. Gray ("Gray") is the step-grandson of Albert F. Bahnfleth ("Bahnfleth"). At the time of his death on July 19, 2012, Bahnfleth was widowed, without living issue, and had assets of approximately half a million dollars. Shortly thereafter, attorney Richard E. Knight ("Administrator") qualified as Administrator of Bahnfleth's estate in the Circuit Court of Fairfax County ("circuit court"). The Administrator initially believed that Bahnfleth had died intestate, but he later discovered a 1966 copy of Bahnfleth's will, which was thereafter admitted to probate. The will provided that if Bahnfleth's wife predeceased him, his estate would be divided between his parents, his only sibling, and his step-daughter, Jean Gray ("Jean"). The devise to Jean expressed Bahnfleth's "desire that she use it for the education of my step-grandson, Steven C. Gray." Each of the family members named in the will, including Jean, predeceased Bahnfleth.

On November 1, 2013, the Administrator wrote a letter to John H. Rust Jr., the Commissioner of Accounts for Fairfax County ("Commissioner"). Although the letter is not reproduced in the record on this appeal, the parties submitted a consolidated statement of facts that was signed by the circuit court judge who presided over this case. According to the statement of facts, the Administrator inquired in the letter whether the Commissioner could hear issues of heir determination and will interpretation concerning Bahnfleth's estate. The Commissioner responded affirmatively, and, thereafter, the Administrator requested a hearing for this purpose. The Commissioner provided adequate notice to all parties and scheduled an evidentiary hearing. In advance of the hearing, the Administrator submitted several documents to the Commissioner including "a petition styled 'Petition to Commissioner of Accounts for Aide (sic) and Direction: For Construction of the Will of Albert Frank Bahnfleth, Jr., and Determination of Identity and Shares of Heirs & Beneficiaries.'" In his petition, the Administrator requested:

> [T]hat the Commissioner of Accounts provide the administrator with the aide [sic] and direction in determining the following:
>
> A. The construction of the decedent's Will[.]
>
> B. The determination of the rightful beneficiaries of the Will, if any; the determination if any of the dispositions under the Will have lapsed; and the determination of the beneficiaries' respective share of the estate under the Will, if any.
>
> C. The determination of the intestate heirs of the decedent's estate, if any, and the determination of the rightful shares of the decedent's estate for each intestate heir, if any.
>
> D. That the validity of the assignments between 27 paternal heirs and Kemp and Associates be established and that the administrator be authorized to make distribution in accordance with said assignments.

2

E. That the administrator may proceed and conclude the administration of this estate under the direction and protection of the Commissioner of Accounts.

The Commissioner conducted an evidentiary hearing at which Gray appeared with counsel. The Commissioner filed a report after the hearing, which described the evidence and argument that each party presented at the hearing. Gray presented evidence of his close relationship with Bahnfleth and argued that Bahnfleth intended to leave him half of his estate. Gray asked the "Commissioner to prioritize the decedent's intention to benefit Gray and avoid intestacy." The Appellees, Bahnfleth's first cousin, Francis Binder, and his 24 other cousins or their surviving descendants ("Cousins") argued that the language regarding using the funds for Gray's education was precatory. The Cousins further argued that the bequest to Jean was not encumbered with a trust provision, and therefore showed only an intent to benefit Jean.

On January 5, 2015, the Commissioner filed his report, holding that the provision regarding Gray in the will had lapsed. Specifically, the Commissioner determined that with Jean's death, all bequests in Bahnfleth's will lapsed pursuant to Code § 64.2-418, and the estate passed pursuant to the law governing intestate distribution. The Commissioner found that Bahnfleth's only heirs were his Cousins, and therefore they each took a share under the rules of intestacy. With respect to the provision of the will which provided that Jean use the money for Gray's education, the Commissioner agreed with the Cousins' argument that it was precatory, and noted that even if the provision imposed the creation of a trust, Gray had completed his education and the trust's purpose had been achieved.

Gray filed exceptions to the January 2015 report. The circuit court entered an order confirming the report. Gray then filed a motion to reconsider, arguing the circuit court "must give a liberal construction to the will" to carry out Bahnfleth's intent to benefit Gray and avoid

3

intestacy. The court held a hearing on the motion and heard argument from counsel. On March 13, 2015, the court entered an order holding that "the Commissioner of Accounts has properly interpreted the law on the applicable facts in this case," and "Gray is not entitled to take under the will." Gray appealed that order to this Court, but we refused Gray's petition for appeal and his petition for rehearing. *See Gray v. Binder*, Rec. No. 150899. Meanwhile, the probate process continued with the Administrator tending to Bahnfleth's estate and preparing it for distribution among the heirs identified by the Commissioner.

On May 4, 2016, the Commissioner filed a routine debts and demands report with the circuit court, authorizing the Administrator to "distribute the remainder of the estate to the beneficiaries after the final payments of any administrative expenses and debts known to the fiduciary." Upon receiving a copy of the May 2016 report, Gray filed exceptions challenging the jurisdiction of the Commissioner to issue its January 2015 report. On June 9, 2016, the circuit court entered an order confirming the May 2016 report. Gray moved for reconsideration and to vacate the Commissioner's May 2016 report. In his motion, Gray argued that based on this Court's recent holding in *Parrish v. Federal National Mortgage Association,* 292 Va. 44, 787 S.E.2d 116 (2016),

> the Commissioner of Accounts clearly lacked jurisdiction to hear the Petition filed by the Administrator, and that, because the court's jurisdiction on considering his Reports and the Exceptions filed was derivative of the Commissioner's, the court likewise lacked jurisdiction to do anything concerning the Commissioner's Reports except vacate them for lack of subject matter jurisdiction.

The circuit court suspended its June 9, 2016 order and granted the Commissioner leave to respond to Gray's motion for reconsideration. In his response, the Commissioner distinguished *Parrish* and argued that the circuit court "does not delegate judicial authority to the commissioner of accounts," but that the commissioner "has authority to hear any matter"

4

concerning the settlement of a fiduciary's account. The circuit court entered a final order denying Gray's motion for reconsideration and vacating the suspending order. In the order, the circuit court explained that a commissioner, pursuant to Code § 64.2-1209, may "hear and determine any matter which could be insisted upon or objected to by an interested person if the commissioner of accounts were acting under an order of a circuit court." Gray appealed to this Court, and we granted his appeal on the following assignment of error:

> The circuit court erred in ruling that the Commissioner of Accounts had subject matter jurisdiction to hear a Petition for Aid and Direction filed initially with him seeking construction of the Will and the determination of the intestate heirs of Bahnfleth.

## II. Analysis

### A. Standard of Review

Subject matter jurisdiction "is the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Morrison v. Bestler*, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990). A challenge to subject matter jurisdiction presents a question of law that we review de novo. *Glasser & Glasser, PLC v. Jack Bays, Inc.*, 285 Va. 358, 369, 741 S.E.2d 599, 604 (2013).

### B. Rule 5:25

As a threshold matter, the Cousins contend that Gray failed to comply with Rule 5:25 by neglecting to "raise a challenge to subject matter jurisdiction while he still had standing." The Cousins claim that "Gray no longer had standing as a party interested in the Estate as of February 5, 2016," the date this Court refused Gray's petition for rehearing on his direct appeal of the circuit court's March 13, 2015 Order. The Cousins acknowledge that subject matter jurisdiction can be raised at any time, however, they say "it cannot be that 'any time' includes times after

5

entry of a final order by persons lacking standing to participate in the case.'" Consequently, they argue Gray failed to timely object "with reasonable certainty as required by Rule 5:25."

Standing, subject matter jurisdiction, and preservation of error are separate legal doctrines. "The purpose of requiring standing is to make certain that a party who asserts a particular position has the legal right to do so and that his rights will be affected by the disposition of the case." *Goldman v. Landsidle*, 262 Va. 364, 371, 552 S.E.2d 67, 71 (2001). In contrast, "[s]ubject matter jurisdiction is the power of a court to adjudicate a class of cases or controversies." *Virginian-Pilot Media Cos. v. Dow Jones & Co.*, 280 Va. 464, 467, 698 S.E.2d 900, 901 (2010). Rule 5:25 requires litigants to preserve arguments for appeal by stating an "objection . . . with reasonable certainty at the time of the ruling." Gray has standing to bring this appeal because if we ruled for him, the circuit court could determine that Gray is a beneficiary of the will on remand. Rule 5:25 also does not bar this appeal because challenges to subject matter jurisdiction can be raised at any time, even for the first time on appeal. *See Virginian-Pilot Media Cos.*, 280 Va. at 468, 698 S.E.2d at 902. Accordingly, Rule 5:25 does not bar our consideration of Gray's appeal.

C. Commissioners of Accounts

The office of the Commissioner of Accounts is unique to Virginia and West Virginia. Frank O. Brown, Jr., *Virginia Practice: Probate Handbook*, § 2:11 (2014). Since their creation, Virginia circuit courts have been vested with jurisdiction over fiduciary matters, including the administration of estates. *See* Code § 64.2-1200 *et seq.*; *see also* John M. Patton & Conway Robinson, Report of The Revisors of The Code of Virginia (January 8, 1849), tit. 39, ch. 132, at 676-88 (Richmond, Samuel Shepherd 1849). It would be "impracticable" for circuit courts to perform every aspect of estate administration. *Shipman v. Fletcher,* 91 Va. 473, 477, 22 S.E.

6

458, 459 (1895). The Commonwealth established the office of the Commissioner of Accounts "to afford a prompt, certain, efficient, and inexpensive method" for the settlement of fiduciaries' accounts and the distribution of estates. *Carter v. Skillman,* 108 Va. 204, 207, 60 S.E. 775, 776 (1908).

This office evolved from the long-established position of the Commissioner in Chancery. Judicial Council of Virginia, Manual for Commissioners of Accounts 235 (5th ed. 2014). "A commissioner in chancery is an officer appointed by the chancellor to aid him in the proper and expeditious performance of his official duties." *Raiford v. Raiford*, 193 Va. 221, 226, 68 S.E.2d 888, 891 (1952). "A good commissioner is the right arm of the court, and his services are indispensable to the due administration of justice." *Id.* at 226, 68 S.E.2d at 892 (citing *Hartman* v. *Evans,* 38 W.Va. 669, 677, 18 S.E. 810, 813 (1893)). As we held in *Bowers v. Bowers*, 70 Va. (29 Gratt.) 697, 700 (1878), "the office of commissioner in chancery is one of the most important known in the administration of justice." Nonetheless, commissioners serve to assist the court, not to supplant it. *Shipman*, 91 Va. at 477, 22 S.E. at 459-60.

> [F]rom the very necessity of their appointment and the nature of their office, their work is subject to the review of the court. It may accept or reject it, in whole or in part, as its judgment, upon such review, may dictate, whether it be of law or fact.

*Id.*

In his sole assignment of error, Gray argues that the Commissioner exceeded his authority when, at the request of Bahnfleth's Administrator, he conducted a hearing and produced a report interpreting Bahnfleth's will and determining his heirs. Gray contends that the Commissioner lacked subject matter jurisdiction to hear the Administrator's petition "for aid and direction" because the petition "invoke[d] the equitable jurisdiction of a circuit court, in contrast to the limited probate jurisdiction of a commissioner."

7

Gray relies on our recent holding in *Parrish*, where we considered whether a circuit court had subject matter jurisdiction to decide an appeal of an unlawful detainer action that was originally filed in general district court. Prior to filing the unlawful detainer action, the Federal National Mortgage Association ("Fannie Mae") had purchased the defendant homeowners' property at a foreclosure sale. 292 Va. at 48, 787 S.E.2d at 119. The homeowners challenged the validity of the foreclosure in the general district court proceeding. *Id.* Because Fannie Mae's unlawful detainer action was based on its claim of title to the property, we held that the homeowners' defense divested the general district court of subject matter jurisdiction because courts not of record cannot try title to real property. *Id.* at 54, 787 S.E.2d at 123. We also observed that the subject matter jurisdiction of a circuit court, when exercising its de novo appellate jurisdiction in an appeal from a court not of record, is derived from and limited to the subject matter jurisdiction of the court from which the appeal is taken. *Id.* Accordingly, when the homeowners appealed to the circuit court, the circuit court also lacked subject matter jurisdiction to decide the question of title and should have dismissed the action without prejudice. *Id.*

Gray urges the Court to apply the reasoning in *Parrish* to this case because "exceptions to a report of a commissioner of accounts are akin to appeals from a district court to the circuit court." We hold that *Parrish* is not applicable to this case because the circuit court here, in confirming the Commissioner's report, was not acting as an appellate court. Commissioners are appointed by the judges of each circuit court and are removable at the pleasure of the court. Code § 64.2-1200. They are not lower tribunals from which appeals are taken. When a commissioner files a report, it becomes the opinion of the circuit court if no exceptions are filed. Code § 64.2-1213. When exceptions are filed, the court can accept or reject the report in whole

or in part. Code § 64.2-1212. Given these provisions, Gray's contention that circuit courts have equitable jurisdiction, while commissioners have limited probate jurisdiction is misplaced. A commissioner's authority to assist the circuit court with the settlement of estates is simply an extension of the circuit court's subject matter jurisdiction to administer estates.

The Cousins have asked us to hold that the Commissioner had subject matter jurisdiction to issue his report interpreting Bahnfleth's will and determining his heirs pursuant to Code § 64.2-1209. However, we do not review the reports prepared by commissioners of accounts. Our appellate jurisdiction is limited to reviewing certain judgments of the circuit courts and the Court of Appeals. *See* Va. Const. art. VI, § 1; Code §§ 8.01-670 to 672, §§ 17.1-405 to 411. The circuit court's jurisdiction to interpret wills and determine decedents' heirs is undisputed. *See* Code § 64.2-443 ("The circuit courts shall have jurisdiction of the probate of wills.").

In this case, the Commissioner of Accounts filed a debts and demands report in May 2016. Gray filed exceptions to the May 2016 report challenging the subject matter jurisdiction of the Commissioner to issue its January 2015 report, which held that the provision in the will regarding Gray had lapsed. The circuit court entered an order confirming the May 2016 report. Gray then moved for reconsideration and to vacate both the January 2015 and May 2016 reports. The circuit court suspended its order and granted the Commissioner leave to respond to Gray's motion for reconsideration. After considering Gray's motion and the Commissioner's response, the circuit court entered a final order denying Gray's motion and vacating the suspending order.

The assignment of error before this Court asserts that the "circuit court erred in ruling that the Commissioner of Accounts had subject matter jurisdiction to hear a Petition for Aid and Direction filed initially with him." The circuit court's order stated:

9

This matter came to be heard on the Motion for Reconsideration filed on behalf of Steven C. Gray and the Response of the Commissioner of Accounts. The Court has made a personal examination of the exceptions filed in this matter and has considered the pleadings, memoranda in support, and the arguments of counsel.

And it appearing that the Commissioner of Accounts has properly interpreted the law on the applicable facts in this case.

And it further appearing to the Court that the commissioner of accounts is not a lower tribunal of limited jurisdiction, rather the Court appoints the commissioner of accounts to provide general supervision of fiduciaries within the Court's jurisdiction.

And it further appearing to the Court that pursuant to Virginia Code § 64.2-1209, the commissioner of accounts may hear and determine any matter which could be insisted upon or objected to by an interested person if the commissioner of accounts were acting under an order of a circuit court for the settlement of a fiduciary's accounts made in a suit to which such interested person was a party.

Upon consideration whereof, it is therefore ORDERED that the Commissioner's Report is confirmed and affirmed and Steven C. Gray's Motion for Reconsideration is DENIED and the suspending order of June 30, 2016 is hereby VACATED.

Clearly, the circuit court had subject matter jurisdiction over the case. This Court reviews decisions of the circuit court, not decisions of the Commissioner of Accounts.

### III. Conclusion

Accordingly, we will affirm the judgment of the circuit court.

*Affirmed.*

JUSTICE McCULLOUGH, concurring.

The question that underlies this appeal, which the procedural posture of the case precludes us from addressing, is the extent of a Commissioner of Accounts' authority to hear certain matters without an order of reference from the circuit court.

Code § 64.2-1209 provides that

10

> Any interested person, or the next friend of an interested person, may, before the commissioner of accounts, insist upon or object to anything which could be insisted upon or objected to by such interested person if the commissioner of accounts were acting under an order of a circuit court for the settlement of a fiduciary's accounts made in a suit to which such interested person was a party.

The appellants argue that Code § 64.2-1209 grants Commissioners broad authority, without an order of reference from the circuit court, over *the settlement of fiduciary accounts* – but not other distinct (if related) matters. Code § 64.2-1210 could be cited to support this reading:

> The commissioner of accounts shall report every account stated under this part, including a statement of the cash on hand and in bank accounts and the investments held by the fiduciary at the terminal date of the account, and, where applicable, reports of debts and demands under § 64.2-551, along with any matters specially stated deemed pertinent by the commissioner of accounts or that an interested person may require.

Read together, Code § 64.2-1209 and Code § 64.2-1210 could be interpreted to support the argument that the General Assembly has given Commissioners of Accounts broad oversight over fiduciary accounts but not over other probate matters not mentioned in Code § 64.2-1209.[*] A proceeding for aid and direction differs in nature and scope from the settlement of a fiduciary's accounts. On this reading, the fact that the construction or invalidation of a will or a trust may ultimately have some bearing on the settlement of the accounts would not render that proceeding one "for the settlement of a fiduciary's accounts."

---

[*] Other matters the General Assembly has authorized Commissioners of Accounts to hear include receiving proof of debts and demands against the decedent or the decedent's estate, Code § 64.2-550; adequacy of the fiduciary's surety bond and whether the fiduciary should be removed, Code § 64.2-1204; parental spending of a minor's funds, Code § 64.2-1802; and the sale of the real estate of an incapacitated adult pursuant to Code § 64.2-2022(B) or of an unemancipated minor pursuant to Code § 64.2-1805(B).

11

Beyond the plain statutory text, other factors could lead to the conclusion that Commissioners of Accounts lack the authority to hear a petition for aid and direction without a circuit court referral. First, although Commissioners have long been a valued part of Virginia's legal landscape, there does not appear to be any prior reported case where a Commissioner heard a petition for aid and direction without a referral from a court. Second, the detailed Manual for Commissioners of Accounts that guides Commissioners in performing their duties says nothing about the authority of a Commissioner to hear a petition for aid and direction.

The appellees point out, however, that a petition for aid and direction, as well as other matters, can be heard by a Commissioner because it unquestionably relates to the settlement of accounts. Code § 64.2-1209. An account cannot be settled if the executor does not know who is entitled to distributions from the estate. A Commissioner's broad authority also finds support in Code § 64.2-1200, which provides that "[t]he commissioner of accounts shall have general supervision of all fiduciaries admitted to qualify in the court or before the clerk of the circuit court and shall make all ex parte settlements of the fiduciaries' accounts." Finally, the appellees point to case law that describes the authority of Commissioners in expansive terms. *See Nicholas v. Nicholas*, 169 Va. 399, 403-04, 193 S.E. 689, 690-91 (1937); *Carter v. Skillman*, 108 Va. 204, 213, 60 S.E. 775, 779 (1908).

Regardless of the broad or narrow view one takes of Code § 64.2-1209, it is undisputed that a Commissioner can be appointed to hear such a matter as a Commissioner in Chancery under Code § 8.01-607. In addition, just as parties can consent to have their cases heard by a mediator or an arbitrator, the parties could likewise consent to have a petition for aid and direction heard by the Commissioner of Accounts.

12

The appellants did not timely raise the question before us, and because their challenge does not involve the subject matter jurisdiction of the *court* below, their failure to timely object to the hearing constitutes a waiver under Rule 5:25. We will have to resolve in a future case what authority the Commissioners possess in this and similar circumstances, unless the General Assembly provides some clarification in the interim.