# COURT OF APPEALS OF VIRGINIA

**Record No. 0612-25-4**

## NAG, INC.

v.

## ROBERT GEORGE VORTHMAN, III

Present: Judges Lorish, Callins and White
Argued at Alexanderia, Virginia

Opinion Issued June 16, 2026[*]

## FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge[1]

Karen A. Leiser (Phillip B. Leiser[2]; The Leiser Law Firm, on briefs), for appellant.

Michael Ludwig (Samantha Vanterpool Rucker; The Spiggle Law Firm, P.C., on brief), for appellee.

## MEMORANDUM OPINION BY
## JUDGE KIMBERLEY SLAYTON WHITE

Robert George Vorthman, III, sued NAG, Inc. seeking unpaid wages under Code

§ 40.1-29, California labor regulations, and the federal Fair Labor Standards Act. The circuit

court entered default judgment against NAG and awarded Vorthman $90,734.73. At trial and on

appeal, NAG relies on only one argument. NAG argues that the trial court did not have subject

matter jurisdiction over any count of Vorthman's complaint. NAG also claims that the circuit

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Fleming presided over the hearing on Vorthman's motion for an award of damages and entered the final order awarding Vorthman $90,734.73. Judge James P. Fisher presided over the hearing on NAG's motion to dismiss and entered the order denying the motion to dismiss pertinent to this appeal.

[2] Phillip B. Leiser's Virginia State Bar license was suspended after appellant submitted briefs but before oral argument in this case.

court deprived it of procedural due process by failing to acknowledge its arguments regarding subject matter jurisdiction. Further, NAG maintains that the court deprived it of its property by improperly exercising subject matter jurisdiction, in violation of NAG's substantive due process rights. Finding that NAG has a continuing and fundamental misunderstanding of subject matter jurisdiction, we find no error and affirm.

BACKGROUND

Vorthman worked remotely from his residence in Loudoun County for NAG, a California-based company, from June 2013 through December 2017. During the last several months of his employment, Vorthman received partial and late wage payments from NAG. However, he did not receive any payments from mid-September 2017 to the time he resigned in December. Vorthman filed a nine-count complaint against NAG in 2019. Count I asserted that NAG violated Code § 40.1-29 by failing to pay Vorthman wages due for work performed. Counts II through VIII addressed alleged violations of various regulations under the California Labor Code. Lastly, Count IX claimed that NAG violated the FLSA by failing to pay him federal minimum wages for time worked.

NAG filed a motion to dismiss in response to the complaint and argued that the circuit court did not have subject matter jurisdiction to address any count of Vorthman's complaint. Specifically, NAG asserted that, at the time Vorthman filed his complaint, Code § 40.1-29 did not confer a private right of action on employees to sue their employers for unpaid wages. NAG maintained that Vorthman did not have a right to pursue damages under the California Labor Code because Vorthman had not exhausted California state administrative remedies and it was questionable whether California labor law applied to a Virginia-based employee working for a California company. Further, NAG claimed that it was not an enterprise engaged in the production of goods for commerce under the FLSA because it did not have a gross volume of

- 2 -

sales exceeding $500,000 as required under 29 USC § 203(s)(1)(A)(ii) and, therefore, the FLSA did not apply to it.

The court denied NAG's motion to dismiss and explained that Code § 17.1-513 gave it jurisdiction of civil cases upon claims for over $100. It later ordered default judgment against NAG on liability for failing to comply with the court's order compelling NAG to participate in discovery.[3] In its default judgment order, the court dismissed several counts of Vorthman's complaint which claimed that NAG violated Cal. Lab. Code §§ 226, 432, 1198.5 and Cal. Bus. & Prof. Code § 17200. All the while, NAG objected to the court's orders on the grounds that the court lacked subject matter jurisdiction and claimed that all orders entered in the case were therefore void.[4] Ultimately, the court entered a final judgment order awarding Vorthman $90,734.73. This appeal followed.

ANALYSIS

I. Subject Matter Jurisdiction

A challenge to a circuit court's subject matter jurisdiction presents a question of law, which we review de novo. *Parrish v. Fannie Mae*, 292 Va. 44, 49 (2016). NAG maintains that the circuit

---

[3] NAG sought entry of a writ of prohibition in this Court after the circuit court entered the default judgment order. *See NAG, Inc. v. Cir. Ct. of Loudoun Cnty.*, No. 1982-22-4, slip op. at 1-7 (Va. Ct. App. Oct. 2, 2023) (order). NAG made the same arguments there that it makes here regarding the circuit court's lack of subject matter jurisdiction. *Id.* at 2-3. We ruled that the circuit court had the authority to hear Vorthman's case. *Id.* at 7. Further, we noted that the proper remedy for NAG was to appeal the circuit court's judgment, not for this Court to command the circuit court to not enter an order which it had already entered. *Id.* Accordingly, we denied the writ of prohibition. *Id.* NAG appealed our ruling to the Supreme Court, which dismissed its appeal for failure to make the circuit court judge who entered the order a party to the appeal. *NAG, Inc. v. Robert George Vorthman, III*, No. 230882 (Va. Sup. Ct. May 15, 2024) (order).

[4] Rather than specifically addressing the facts raised in the motion to dismiss as grounds for dismissal or as grounds of some defense before the trial court, NAG focused the dismissal motion only on an alleged lack of subject matter jurisdiction. NAG continues to take the same position on appeal to this court.

court did not have subject matter jurisdiction over any count of Vorthman's complaint. We disagree.

"Subject matter jurisdiction 'can be acquired only by virtue of the Constitution or of some statute.'" *Afzall v. Commonwealth*, 273 Va. 226, 230 (2007) (quoting *Bd. of Supervisors v. Bd. of Zoning Appeals*, 271 Va. 336, 344 (2006)). Subject matter jurisdiction "refers to a court's power to adjudicate a class of cases or controversies." *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (quoting *In re Commonwealth*, 278 Va. 1, 11 (2009)). Active jurisdiction, on the other hand, "involves not the power of the court but the proper exercise of its authority consistent with 'settled principles of the unwritten law' or any applicable 'mandate of the statute law.'" *Id.* (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427, 436 (1924)).

Code § 17.1-513 confers on circuit courts "original and general jurisdiction of all civil cases, except cases upon claims to recover personal property or money not of greater value than $100, exclusive of interest, and except such cases as are assigned to some other tribunal." Further, circuit courts have jurisdiction "of all cases, civil or criminal, in which an appeal may be had to the Court of Appeals." Code § 17.1-513.

NAG mistakes the circuit court's subject matter jurisdiction with the merits of Vorthman's purported rights to statutory relief, as well as the circuit court's active jurisdiction more broadly.[5] Vorthman's complaint is a civil claim for the recovery of over $20,000 in unpaid wages from his former employer for work Vorthman did in Virginia. His case falls squarely within the "class of cases" which the circuit courts have jurisdiction over pursuant to Code § 17.1-513. Nevertheless, NAG argues that Vorthman does not have a right to relief under Code

---

[5] On brief and during oral argument, NAG also confuses the issue of standing with the issue of subject matter jurisdiction.

§ 40.1-29, the California Labor Code, or the FLSA. Therefore, according to NAG, the circuit court does not have subject matter jurisdiction over the case.

NAG's challenges to the counts of Vorthman's complaint attack the merits of Vorthman's legal rights of action and the court's active jurisdiction. However, it does not challenge the circuit court's power to hear a civil case brought by a Virginia employee seeking more than $100 in unpaid wages, a "class of cases" over which the circuit court clearly has jurisdiction under Code § 17.1-513. For example, if NAG is correct that Code § 40.1-29 did not give employees a private right of action to sue employers for unpaid wages at the time Vorthman filed his complaint, then the circuit court could dismiss that count of the complaint because Vorthman has no statutory right to pursue that remedy. That would not mean, however, that the circuit court lacked the authority to preside over the case or that any order dismissing the Code § 40.1-29 count would be void. Regardless of the merits of NAG's assertions about Vorthman's rights of action, the circuit court has subject matter jurisdiction to hear his case.

II. Procedural Due Process

NAG also argues that the circuit court violated its procedural due process rights. According to NAG, the trial court failed "to acknowledge or address NAG's arguments" regarding the court's lack of subject matter jurisdiction and, therefore, deprived it of a "meaningful opportunity to be heard."

"Whether a [party] has been deprived of due process is a question of law we review de novo." *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 585 (2019). The standard for due process claims is a familiar one. The United States Constitution guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional;

what is unconstitutional is the deprivation of such an interest without due process of law." *Lee v. City of Norfolk*, 281 Va. 423, 433 (2011) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). "The constitutional guarantee of procedural due process affords a litigant the right to reasonable notice and a meaningful opportunity to be heard." *Carpitcher v. Commonwealth*, 273 Va. 335, 348 (2007).

NAG asserts that the circuit court did not address NAG's arguments regarding subject matter jurisdiction, but the record does not demonstrate that the court ignored its claims. NAG filed a motion to dismiss in which it laid out its subject matter jurisdiction argument in detail. The court held a hearing on the motion where the parties argued the issue extensively. At the close of the hearing, the court stated that it agreed with Vorthman's position and ruled that it did have subject matter jurisdiction to hear the case. The court then entered a proposed order from Vorthman's counsel, which denied the motion to dismiss and reiterated that the court had subject matter jurisdiction to hear the case under Code § 17.1-513.

"[T]his Court presumes a circuit court knew and properly applied the law, '[a]bsent clear evidence to the contrary.'" *Morris v. George Mason Univ.*, 74 Va. App. 531, 546 (2022) (second alteration in original) (quoting *Milam v. Milam*, 65 Va. App. 439, 467 (2015)). Hence, the evidence shows that NAG filed a motion to dismiss for lack of subject matter jurisdiction, the court held a hearing on the motion and then entered an order describing the source of its subject matter jurisdiction. Thus, there is no basis in the record to support NAG's claim that it was denied an opportunity to be heard regarding its subject matter jurisdiction argument.

III. Substantive Due Process

Finally, NAG claims that the circuit court deprived it of its property without substantive due process by improperly exercising subject matter jurisdiction. As we have determined that the circuit court properly exercised subject matter jurisdiction over Vorthman's case, we need not address this

assignment of error. *See Thomas v. Commonwealth*, 303 Va. 188, 198 (2024) ("The doctrine of judicial restraint dictates that generally we decide cases 'on the best and narrowest grounds available.'" (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010))).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*