COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Ortiz and Senior Judge Annunziata
Argued at Fairfax, Virginia

**PUBLISHED**

GLORIA NEAL

v.      Record No. 1219-22-4

SECRETARY OF THE DEPARTMENT OF
 VETERANS AFFAIRS

OPINION BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 24, 2023

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

Henry W. McLaughlin (Law Office of Henry McLaughlin, P.C., on
briefs), for appellant.

Ronald J. Guillot, Jr. (E. Edward Farnsworth, Jr.; Samuel I. White,
P.C., on brief), for appellee.

Gloria Neal appeals from an order of the Prince William County Circuit Court granting

the United States Secretary of the Department of Veterans Affairs' ("the VA") motion for

summary judgment and awarding the VA a writ of possession pursuant to the VA's unlawful

detainer lawsuit. Neal argues that the circuit court erred by finding that her affirmative defense

of fraud was insufficient to defeat the VA's motion for summary judgment.

BACKGROUND

"Under well-settled principles, we review the record applying the same standard a trial

court must adopt in reviewing a motion for summary judgment, accepting as true those

inferences from the facts that are most favorable to the nonmoving party, unless the inferences

are forced, strained, or contrary to reason." *Fultz v. Delhaize America, Inc.*, 278 Va. 84, 88

(2009). Accordingly, we view the record in the light most favorable to Neal, the nonmoving

party.

Neal owned a home in Haymarket, Virginia subject to a deed of trust. That deed of trust secured a loan from Wells Fargo. The loan was guaranteed by the VA, and the deed of trust contained a "rider" requiring, per Neal's answer, "compliance will [sic] all VA regulations in effect at the time of the execution of the deed of trust." In 2016, Neal obtained what she understood to be a loan modification.

At some unspecified point after this modification, Neal fell into default and the substitute trustee on the deed of trust initiated a non-judicial foreclosure sale in July 2019 at which the VA was the highest bidder. The VA subsequently obtained a foreclosure deed that was duly recorded. The VA sent Neal a notice to quit and vacate, and upon her refusal to do so filed an unlawful detainer action in the Prince William County Circuit Court.

Neal answered the unlawful detainer complaint and admitted that she was in default. However, Neal asserted an affirmative averment that when she obtained her modification, she was told by a representative of the VA she no longer had a "VA loan" that required compliance with all of the VA regulations. Neal asserted that this statement was a material misrepresentation and that had she known that the VA representative was incorrect in his assertion that she no longer had a VA loan, she would have availed herself of certain protections contained in the VA regulations and guaranteed to her in her deed of trust. Specifically, Neal maintained that the VA regulations required that the lender comply with all accepted national lending practices, act quickly in case of default to seek to find ways to avoid foreclosure, send a notice to the borrower that she could lose her opportunity for another VA loan if there was a foreclosure, and, if having trouble reaching the borrower, seek a face-to-face meeting with her. Neal further argued that had she known that "she had the benefits of a VA loan, she would have sought help from the VA to stop the foreclosure." As such, Neal's affirmative defense was that the foreclosure deed obtained

by the VA was "defective and void, alternatively voidable" due to the constructive fraud of the VA.

The VA filed a motion for summary judgment, asserting that there was no dispute of material fact and that they were entitled to a writ of possession as a matter of law. Specifically, the VA argued that even if Neal's affirmative averments were true, the only methods available to void a foreclosure deed are a counterclaim, third-party claim, or affirmative complaint challenging the foreclosure's validity and requesting that the circuit court set aside the foreclosure deed. In other words, the VA argued that there was no available affirmative defense that would entitle Neal to avoid eviction because a court cannot declare a deed void as part of an affirmative defense. Neal countered that because the VA had not responded to her affirmative averments, those facts she stated were in dispute and that her stated fraud defense, if proved, would defeat the VA's claim of title.

The circuit court sustained the motion for summary judgment on the basis that an affirmative defense was not an appropriate vehicle to challenge the VA's title. The circuit court accordingly granted the VA a writ of possession.

ANALYSIS

Neal appeals the ruling of the circuit court granting the VA's motion for summary judgment. She argues that the circuit court erred by concluding that an affirmative defense was not a proper vehicle to contest the unlawful detainer action. We agree.

A. *Parrish* and Title in Unlawful Detainer Cases

An unlawful detainer is an action brought against "a defendant who lawfully entered into possession of real property but whose right to lawful possession has since expired." *Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44, 50 (2016). The sole issue to be determined by a court in an unlawful detainer action is whether the plaintiff, who is presently out of possession, has a

superior right of possession to the defendant. *See id.* In order to prevail, the plaintiff must show one of two things: first, "prior actual possession, which was then yielded to the defendant under some temporary or defeasible estate that has ended, or [second,] a right of possession acquired after the defendant's entry." *Id.* (citing *Allen v. Gibson*, 25 Va. (4 Rand.) 468, 474-76 (1826)). It is the latter proof that is usually required in a foreclosure situation. *See id.*

In *Parrish*, the Virginia Supreme Court grappled with the role that title plays in an unlawful detainer action. The issue in *Parrish* was whether a circuit court had appellate jurisdiction over an unlawful detainer case that originated in general district court where the defendant alleged that the plaintiff's title was invalid. Because courts not of record are not competent to adjudicate title, the Supreme Court needed to determine whether a defendant's "bona fide claim of title" divested the general district court of jurisdiction (and subsequently, the circuit court) to adjudicate an unlawful detainer claim. *Id.* at 52 (quoting *Warwick v. Mayo*, 56 Va. (15 Gratt.) 528, 542 (1860)). The Court noted that the plaintiff's right of possession "will not always present a question of title." *Id.* at 50. However, "[w]hen the plaintiff's after-acquired right of possession is based on a claim of title, the plaintiff may be required to establish the validity of that title." *Id.* at 51 (citing *Corbett v. Nutt*, 59 Va. (18 Gratt.) 624, 648 (1868)). The Court went on to hold that:

> In most foreclosure cases, a trustee's deed will satisfy the foreclosure purchaser's burden to establish that it acquired a right of possession after the homeowner's original, lawful entry, and the homeowner will have no good-faith basis to contest it. However, in limited circumstances, *the homeowner could allege facts sufficient to place the validity of the trustee's deed in doubt*.
>
> . . . .
>
> The question of title raised by the homeowner's allegations must be legitimate. . . . [T]he court has the authority to explore the allegations to determine whether, if proven, they are sufficient to state a bona fide claim that the foreclosure sale and trustee's deed *could* be set aside in equity. Stated differently, *the allegations*

- 4 -

> *must be sufficient to survive a demurrer* had the homeowner filed a complaint in circuit court seeking such relief.

*Id.* at 51-52 (emphases added).

The Supreme Court did not provide an exhaustive list of what claims would be sufficient to require a court to adjudicate title, but listed "cases involving fraud, collusion with the purchaser, and a foreclosure sale price of such gross inadequacy that it shocks the conscience of the court." *Id.* at 52 (quoting *Ramos v. Wells Fargo Bank, NA*, 289 Va. 321, 324 n.* (2015) (per curiam)). The Court also noted that a "foreclosure sale could be set aside in equity when it was conducted in material breach of the deed of trust." *Id.* Turning to the facts of the case before it, the *Parrish* Court held that the defendant's allegation that their deed of trust created a condition precedent to foreclosure requiring compliance with certain federal regulations was sufficient to "satisfy a court of equity to set aside the foreclosure." *Id.* at 54. Accordingly, the general district court did not have subject matter jurisdiction over the case and the circuit court therefore could not acquire appellate jurisdiction. *Id.*

Although the Supreme Court did not expressly articulate what specific mechanism a defendant must use to raise the issue of title in an unlawful detainer action, we hold that the nature of the unlawful detainer proceeding permits the use of an affirmative defense to contest the validity of the plaintiff's title if the plaintiff's right of possession is derivative of the allegedly defective title.

As mentioned, the sole question in an unlawful detainer action is whether the plaintiff has a superior right of possession to the defendant. As the *Parrish* Court makes clear, in an unlawful detainer action brought following a foreclosure, the plaintiff's right of possession is wholly derivative of the title received at the foreclosure sale. *Id.* at 51-52. Accordingly, a defendant's affirmative defense that the deed is invalid, if proven, defeats the plaintiff's asserted right of possession.

The VA contends that because a court cannot set aside the foreclosure deed based on an affirmative defense, Neal would only have been able to challenge the validity of the deed in a counterclaim or other offensive action. However, the VA's argument fundamentally misunderstands the nature of an unlawful detainer action and fails to give proper weight to the Supreme Court's holding in *Parrish*.

The VA cites *Davis v. Mayo*, 82 Va. 97 (1886), for the proposition that the law does not require the VA to "prove the foreclosure sale's validity, and thus its title's validity the same, as an element of its unlawful detainer action to prevail." Appellee Br. at 5. The VA's position is directly refuted by *Parrish*. The *Parrish* Court held that a plaintiff "who claims a right of possession acquired after the defendant's original, lawful entry, must show the validity of that right." 292 Va. at 51. Thus, while in *some* cases (such as, where the plaintiff can prove possession prior to the defendant) the plaintiff may not need to prove title, where the plaintiff's right of possession is derived wholly from the title, the plaintiff may be required to prove the validity of the title. *See id.* at 51-52.

The VA also cites *Pannill v. Coles*, 81 Va. 380 (1886); in *Pannill*, the Court held that "[t]he question to be determined in [unlawful detainer] case[s] is the right of possession, and to this end the question of the complete title is not the question to be determined." *Id.* at 385. Relatedly, the VA also argues that title is valid at law until set aside by a court in equity, citing *Carrington v. Goddin*, 54 Va. (13 Gratt.) 587, 601 (1857). These arguments miss the point. Nothing in Neal's affirmative defense requires the circuit court to "set aside" the title. In other words, if the circuit court ultimately determines that Neal proved that the VA's asserted title is invalid, the circuit court could *not* set aside the title nor would such a determination amount to adjudicating the "question of the complete title." *Pannill*, 81 Va. at 385. Indeed, Code § 8.01-130 expressly states that "[n]o judgment in an [unlawful detainer] action . . . shall bar any

- 6 -

action of trespass [or] ejectment . . . between the same parties, nor shall any such judgment or verdict be conclusive, in any such future action, of the facts therein found." Instead, if the circuit court finds that Neal proved the invalidity of the VA's title, such a holding would only be applicable in the instant case for the limited purpose to establish Neal's superior right of possession to that of the VA. In other words, the fact that Neal has not sought to invalidate the deed as part of a counterclaim, or some other affirmative lawsuit, is of no moment in the VA's action for unlawful detainer.

## B. As Applied

Here, Neal argues on appeal that the circuit court erred by granting the motion for summary judgment when her affirmative defense alleged that the VA's title was invalid. In Virginia, summary judgment is only available when there is no "dispute of material facts" and the moving party is entitled to judgment as a matter of law. Rule 3:20. Neal argues that her affirmative defense of constructive fraud created a genuine dispute of material facts that precluded the entry of a summary judgment order. She is correct.

Although Neal's answer is not a model of clarity, she has pled sufficient facts that, if proven, could "satisfy a court of equity to set aside the foreclosure." *Parrish*, 292 Va. at 54. Although a court will generally not rescind a completed foreclosure sale, our Supreme Court has noted that a "foreclosure sale may be set aside in cases 'involving fraud.'" *Young-Allen v. Bank of America, N.A.*, 298 Va. 462, 468 (2020) (quoting *Parrish*, 292 Va. at 52). Fraud requires proof that the offending party made a "false representation of a material fact; made intentionally, in the case of actual fraud, or negligently, in the case of constructive fraud; reliance on that false representation to [the injured party's] detriment; and resulting damage." *Caperton v. A.T. Massey Coal Co., Inc.*, 285 Va. 537, 553 (2013) (quoting *Klaiber v. Freemason Assocs., Inc.*, 266 Va. 478, 485 (2003)).

Neal asserted that the VA's foreclosure deed is invalid as it was the product of constructive fraud, specifically that a representative of the VA erroneously and negligently informed her that she was no longer protected by VA regulations related to the servicing of her loan. Neal further asserted that she relied on the VA's statement and that, had she not been misled, she would have availed herself of the VA's regulatory remedies to avoid foreclosure. Neal's pleaded assertions sufficiently articulate the elements of constructive fraud, which, if proven, could be sufficient to satisfy a court to rescind the foreclosure sale.[1] As such, Neal's answer created a genuine dispute of material facts and the circuit court erred by granting the VA's motion for summary judgment.[2]

## CONCLUSION

Because if challenged, the VA must prove the validity of its title to prevail in its unlawful detainer action and because Neal's answer contested the validity of the VA's title, the circuit court erred in granting the VA's motion for summary judgment and ordering a writ of possession.

*Reversed and remanded.*

---

[1] Because of the nuanced relationship between the statutory scheme and the Commonwealth's equitable precedents, we again note that the circuit court could *not* set aside the deed in *this* proceeding. The reach of the circuit court's ruling would be limited to determining whether the VA proved that they had a superior right of possession, with no preclusive effect on future litigation. *See* Code § 8.01-130.

[2] We note that in ruling that *no* affirmative defense could defeat the VA's claim of possession, the circuit court did not reach the question of whether *Neal's* affirmative defense was sufficiently pled to survive summary judgment. Furthermore, neither party briefed nor argued this issue before this Court. Summary judgment is "a drastic remedy." *Fultz*, 278 Va. at 88. "Thus, if the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, summary judgment is not appropriate." *Id.* In evaluating the sufficiency of Neal's pleading we accept as true, not only the facts that she has pled, but also "those inferences from the facts that are most favorable to [her] unless [they] are forced, strained, or contrary to reason." *Id.* Under this exceptionally lenient standard, we conclude that Neal's pleading sufficiently alleges the elements of constructive fraud and are not prepared to say that her pleading fails to state a defense of fraud as a matter of law.